Mr. James O. Perry Route 1, Box 81 Dermott, AR 71638
Dear Mr. Perry:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. 25-19-101—107 (Repl. 1992). Your request is made pursuant to A.C.A. 25-19-105(c)(3), which authorizes the custodian, requester, or the subject of personnel or evaluation records to seek an opinion from the Attorney General stating whether the custodian's decision is consistent with the FOIA.[1]
Your request indicates that you have sought, through correspondence with the Searcy Police Department, records pertaining, among other things, to an internal affairs investigation of your son. It is my understanding that the investigation has been completed and that the resultant disciplinary action did not include suspension or termination.
This office has previously stated, in various factual contexts, that internal investigation records involving specific incidents and specific employees generally constitute job performance records where such records detail the actions of employees within the scope of their employment. See, e.g., Op. Att'y Gen. Nos.92-207, 91-296, and 91-153. Following that analysis, the investigation records in question are exempt from public disclosure, as your son was neither suspended nor terminated.
The FOIA does provide, however, for the release of any personnel or evaluation records that are otherwise exempt from disclosure to ". . . the person about whom the records are maintained or to that person's designated representative." A.C.A. 25-19-105(c)(2). That person may then seek an opinion from this office regarding the custodian's decision. See A.C.A. 25-19-105(c)(3)(B).
It is my understanding, based upon the information provided in this instance, that your son has consented to the release of his file to you. I am uncertain, however, whether you are in fact his "designated representative," such that you have independent authority to seek access to his personnel and/or evaluation and job performance records. You have apparently been given access to all of the records that were provided to your son, pursuant to a signed consent form. It is my understanding that your son has not sought further information or questioned the custodian's decisions with regard to the documents provided. I am unable, under these circumstances, to offer a review of the custodian's decisions concerning your son's personnel or evaluation records. My authority to issue an opinion under 25-19-105(c)(3) extends to the "custodian, requester, or the subject of the records. . . ." This obviously presumes, with regard to the "requester," that initial authority exists for the FOIA inquiry. I cannot make that determination in this instance, in the absence of a clear designation of your representative status.
With regard to your request for investigation files pertaining to other employees, as noted above, employee evaluation and job performance records are open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate, and if there is a compelling public interest in their disclosure. A.C.A. 25-19-105(c)(1). I lack sufficient information to fully assess the custodian's decision in this instance that files concerning any disciplinary action on commissioned employees under the command of Police Chief J.R. Thomas are exempt from disclosure. If suspension or termination resulted from such action, 25-19-105(c)(1), supra, must be considered. A blanket decision to deny access would, in my opinion, be contrary to the spirit and the intent of the FOIA. The file(s) should, instead, be examined by the custodian on a case-by-case basis and a determination made with respect to the application of any of the exemptions under A.C.A. 25-19-105(b) and (c).
You have also requested access to the personnel file, pre-employment background investigation, and psychological fitness profile of a particular patrolman, and the NCIC/ACIC background investigation and application to join the reserve officer program of another officer. You have been denied access to these personnel records based upon the "unwarranted invasion of personal privacy" exemption in A.C.A. 25-19-105(b)(10).
Again, it is my opinion that to the extent the custodian has made a blanket decision to deny access to the records, such a decision is contrary to the FOIA. See Op. Att'y Gen. 88-078. With regard to personnel records, the courts have generally narrowly construed the phrase "invasion of personal privacy." The Arkansas Supreme Court noted in the recent case of Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992), that "[t]he fact that section25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated." 308 Ark. at 598. The court went on to state:
 Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. The public's interest, the right to know [in that case] that its safety is protected by competent and the best-qualified police lieutenants, is substantial. Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
Id.
The court in Young noted, however, that the federal courts, in applying federal FOIA privacy exemptions, have found a substantial privacy interest in "records revealing the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends." Id., citing Brown v. FBI,658 F.2d 71 (2nd Cir. 1981). The court found the federal courts' balancing of the two competing interests to be persuasive. Id. (citation omitted). See also Watkins, The Arkansas Freedom of Information Act (1988) at 89-90.
In this instance, the refusal to release the psychological fitness profile may be warranted, and is in fact required under25-19-105(b)(2) if it constitutes a medical record. A conclusive determination would, however, require review of the actual record. It is my opinion that the public's interest in knowing that its police officers are fit for duty is substantial. This does not mean, however, that the detailed results of psychological testing are open to the public. It may be concluded with regard to the background investigation records and the application to join the reserve officer program that such records are, generally, subject to disclosure under the FOIA. As with the personnel file, the custodian should remove information of such a personal nature that its disclosure would invade one's privacy, where the invasion is not warranted. Please note that I have enclosed general opinions which outline the type of information exempted through interpretation of a similar federal FOIA provision. (Op. Att'y Gen. Nos. 87-115 and 87-442). As noted in Watkins, The Freedom of Information Act at 89, the courts have found comparatively little privacy interest in records revealing training or educational background and work experience.
In conclusion, the custodian of the records must make available all records not specifically exempted under the FOIA, and sanitize those records containing exempt information. A blanket denial is contrary to the FOIA. Rather, the applicability of any exemptions must be determined on a case-by-case basis.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This review is limited, under 25-19-105(c)(3), to personnel records and employee evaluation and job performance records. To the extent, therefore, that your request involves other types of records, this opinion will not address any issues relevant thereto.